**Pamela J. DE WET, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 02–3099.

United States Court of Appeals, Federal Circuit.

DECIDED: April 14, 2003.

Before MAYER, Chief Judge, MICHEL and CLEVENGER, Circuit Judges.

PER CURIAM.

Pamela J. De Wet seeks review of the final decision of the Merit Systems Protection Board ("Board"), sustaining a decision by the Office of Personnel Management ("OPM") that denied her application for disability retirement benefits under the Federal Employees Retirement System ("FERS"). *De Wet v. Office of Pers. Mgmt.*, No. SF–844E–01–0106–I–1, 90 M.S.P.R. 451 (M.S.P.B. Oct.25, 2001). Because we may not disturb OPM's findings of disability, we *affirm.*

I

Ms. De Wet was employed as a senior attorney with the Legal Division of the Federal Deposit Insurance Corporation ("FDIC"). On April 26, 1998, Ms. De Wet received a temporary promotion to the position of Counsel (Section Chief), but a subsequent reduction-in-force within the agency led to her separation from that position on September 26, 1998.

On September 21, 1999, Ms. De Wet submitted to OPM an application for disability retirement benefits, stating that she became disabled while serving as Counsel (Section Chief). Although she did not identify the nature of her medical condition, Ms. De Wet stated in her application that she lacked energy and was unable to focus, sleep, and concentrate. She further indicated that her condition interfered with her abilities to analyze and synthesize complex legal issues, and prevented her from preparing and presenting legal and factual arguments.

On February 28, 2000, OPM denied Ms. De Wet's application, finding that she failed to show that her medical condition was disabling. Upon Ms. De Wet's request for reconsideration and, after considering the additional evidence that she submitted, OPM affirmed its initial determination.

Ms. De Wet then appealed OPM's decision to the Board, which issued a careful initial decision affirming OPM's reconsideration determination. Although finding that Ms. De Wet had the qualifying length of service and a medical condition, the Administrative Judge determined that Ms. De Wet was not disabled. Specifically, the Administrative Judge found that Ms. De Wet "failed to show that her medical condition was disabling and prevented her from performing her duties and rendering useful and efficient service to the FDIC" before her separation. Ms. De Wet petitioned the full Board for review of the adverse initial decision, but her petition was denied. Ms. De Wet petitions for

review to this court, which has jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

An applicant bears the burden of establishing entitlement to a disability retirement annuity by preponderant evidence. 5 C.F.R. § 1201.56(a)(2) (2002). Among other requirements, the applicant must prove that:

> The individual must, while employed in a position subject to FERS, *have become disabled* because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or if there is no such deficiency, the disabling medical condition must be *incompatible with either useful and efficient service or retention in the position;*

*Id.* § 844.103(a)(2) (emphases added). Proof of a disability is therefore necessary to qualify for FERS benefits. In this case, the Board and OPM found that Ms. De Wet failed to prove that her medical condition was disabling. Unless those findings are reversed, Ms. De Wet cannot satisfy the requirements for disability retirement benefits entitlement.

We have no jurisdiction to disturb those disability findings. Although our statutorily limited jurisdiction requires affirmance of a Board's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, 5 U.S.C. § 7703(c), the facts of this case invoke an even stricter statutory limitation on our review. When OPM makes certain determinations related to disability, statute and precedent further restrict our limited scope of review. 5 U.S.C. § 8347(c) (2000); *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 624–26 (Fed.Cir.1995). Specifically, Congress provided that OPM's disability determinations are "final and conclusive and are not subject to review." 5 U.S.C. § 8347(c) (2000). In *Lindahl v. Office of*

*Personnel Management,* 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985), the Supreme Court held that the statutory language precluded appellate review of the factual determinations underpinning OPM's disability findings, except where "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Id.* at 791 (quoting *Scroggins v. United States,* 184 Ct.Cl. 530, 397 F.2d 295, 297 (1968), *cert. denied,* 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968)).

Although she does not contest the determinations that there was no disability in this case, Ms. De Wet nonetheless urges us to exercise jurisdiction. To support that request, she asserts that the Board misapplied the controlling standard because it failed (1) to address whether her medical condition was incompatible with either useful and efficient service or retention in the position, and (2) to consider whether continued employment was incompatible with the progressive nature of her condition. The Board, however, did not need to reach those issues unless the medical condition was found to be disabling. *See* 5 C.F.R. § 844.103(a)(2) (2002). As a further ground for the exercise of jurisdiction, Ms. De Wet also argues that job-related stress warrants the grant of disability retirement. Even if that were true, the agency cannot grant such benefits unless the existence of a disability is actually established, something Ms. De Wet failed to do. *See id.* Consequently, the Board did not misconstrue the governing law, substantially depart from important procedural rights, or commit an error going to the heart of the administrative determination. Thus, we lack jurisdiction to review the agency's disability determinations.

The findings thus stand and preclude any entitlement to disability benefits.

### III

Because statute and precedent compel a conclusion that Ms. De Wet is not entitled to disability retirement benefits, we affirm the Board's decision sustaining OPM's denial of Ms. De Wet's application.